**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

AUG 27 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NEXIS RENE GOMEZ, | No.  18-16991 |
| Plaintiff-Appellant, | D.C. No. 2:15-cv-02523-MCE-KJN |
| v. | |
| D. BRAUN; N. D. MAJUMDAR, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Eastern District of California
Morrison C. England, Jr., District Judge, Presiding

Submitted August 19, 2019**

Before:     SCHROEDER, PAEZ, and HURWITZ, Circuit Judges.

Nexis Rene Gomez, a California state prisoner, appeals pro se from the

district court's summary judgment in his 42 U.S.C. § 1983 action alleging

deliberate indifference to his serious medical needs.  We have jurisdiction under 28

U.S.C. § 1291.  We review de novo.  *Toguchi v. Chung*, 391 F.3d 1051, 1056 (9th

---

      *     This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

      **     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

Cir. 2004). We affirm.

The district court properly granted summary judgment because Gomez failed to raise a genuine dispute of material fact as to whether defendants were deliberately indifferent to Gomez's mental health needs. *See id.* at 1057-60 (a prison official is deliberately indifferent only if he or she knows of and disregards an excessive risk to inmate health; a difference of opinion concerning the course of treatment, medical malpractice, and negligence in diagnosing or treating a medical condition do not amount to deliberate indifference).

The district court did not abuse its discretion by denying Gomez's motion for leave to amend his complaint because Gomez failed to demonstrate good cause. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-09 (9th Cir. 1992) (setting forth standard of review and grounds for denial of leave to amend).

Contrary to Gomez's contention, Braun's declaration stating that Braun made contact with the prison scheduler was properly admitted into evidence.

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

18-16991